## HENRY D. STONE *vs.* RUFUS CARTER.

Under the *St.* of 1857, *c.* 141, § 17, no person can be arrested on mesne process, if the affidavit of the creditor "that he believes the defendant has property not exempt from being taken on execution," omits to add "which he does not intend to apply to the payment of the plaintiff's claim," or to state not only that the creditor believes, but that he "has reason to believe, the defendant has property," &c.

PETITION for a writ of *habeas corpus,* by one committed to the jail of the county of Worcester under two warrants of commitment for contempt, signed by Charles Mattoon, judge of insolvency for the county of Franklin, who, ever since the 1st of July 1858, had acted as judge in the proceedings in insolvency in this county in the case of this petitioner, which were commenced before Judge Hodges, as stated in the next preceding case of *Grafton Bank* v. *Bickford, ante,* 564.

The case was submitted to the decision of the court upon the arguments made in that case, and the court, after deciding that said proceedings in insolvency were invalid, (*ante,* 574,) granted this writ.

The jailer returned that he held Stone on said warrants of commitment; and also on nine mesne processes, sued out from the court of common pleas in 1858 in actions of contract.

Upon each of these writs was indorsed an affidavit of the plaintiff, or of some person in his behalf, that he "has a good cause of action against the defendant within named, and a reasonable expectation of recovering a sum amounting to twenty dollars; and believes, and has good cause to believe, that said defendant intends to leave the State, so that execution, if obtained, cannot be served upon him; and that he believes said defendant has property not exempt from being taken in execution," adding, upon six of the writs, but not on the other three, "which he does not intend to apply to the payment of the plaintiff's claim."

Upon each of said six writs was a certificate of the judge of insolvency of Worcester county, in this form: "Personally appeared the above named J. S. before me, subscribed the above

affidavit, and made oath to my satisfaction of the truth of the same ; and I certify that, after due hearing, I am satisfied there is reasonable cause to believe that the allegations in said affidavit are true." Upon each of the other three writs was a substantially similar certificate of the judge of the police court of the city of Worcester.

A hearing was had on the 8th of February before the chief justice, who held, that the proceedings of insolvency not having been legally commenced, the commitments for contempt were of course invalid ; but inclined to the opinion that the other processes, or at least the first six, were sufficient to hold the prisoner ; and adjourned the case before the full court, before whom the case was argued the same afternoon.

*F. H. Dewey,* for the petitioner. The *St.* of 1857, *c.* 141, § 17, prohibits any arrest in an action of contract, without an affidavit of the plaintiff, or of some person in his behalf, and proof to the satisfaction of one of the magistrates therein named, " that he believes, and has reason to believe, the defendant has property not exempt from being taken on execution, which he does not intend to apply to the payment of the plaintiff's claim ; " and requires such affidavit, " and the certificate of the magistrate that the same is true," to be annexed to the writ.

The affidavits and certificates upon these writs were manifestly framed under the *St.* of 1855, *c.* 444, and not under the *St.* of 1857, *c.* 141, which affords the debtor additional protection against arrest.

1. Upon three of the writs, they are fatally defective in omitting, after stating that the " defendant has property not exempt from being taken in execution," to add, " which he does not intend to apply to the payment of the plaintiff's claim." The *St.* of 1857, *c.* 141, § 17, differing from the *St.* of 1855, *c.* 444, § 11, makes, not the having property, simply, but the intention not to apply it in payment of the plaintiff's claim, a sufficient cause for arrest.

2. In all the cases, the affidavits and certificates are defective in omitting to state, not only that the person making the affidavit believes, but that he " has reason to believe," that the

Stone *v*. Carter.

defendant has property, &c. Under the *St.* of 1857, again differing from the *St.* of 1855, mere belief is not sufficient. There must be reason to believe; and that must be proved to the satisfaction of a judicial officer. Proof of belief does not involve proof of reason to believe. A party may believe without reason. The distinction is a familiar one in the provisions of the insolvent laws respecting preferences.

*E. B. Stoddard, T. L. Nelson & A. Dadmun,* for the creditors. The first six processes are sufficient to hold the petitioner. The *Sts.* of 1855, *c.* 444, and 1857, *c.* 141, so far as they relate to arrest on mesne process, are identical. Both abolish imprisonment for debt, except in cases of fraud; define fraud as wilful and intentional neglect to apply property, not exempt from being taken in execution, to the payment of debts; and require, as an essential prerequisite to taking the debtor's body, that he should have committed an act of fraud, and that the magistrate should so find. The *St.* of 1857 was but a reënactment of the previous statutes, and was designed to change the law only where doubt and uncertainty had arisen under former legislation. Belief, without a reason for it, cannot exist. Under the *St.* of 1855, the magistrate must have satisfied himself that the creditor had reason to believe, &c., before he could judicially determine that the creditor's allegation of such belief was true; and this finding is all that is required by either statute, and sufficiently appears upon the affidavits and certificates.

THE COURT, after a brief consultation, discharged the prisoner from the three writs which omitted the averment of his not intending to apply his property to the payment of the plaintiff's claim; and remanded him, for an opportunity of further consultation upon the other processes; and on the next day discharged him from those also.